UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARY MOSES,

          Plaintiff,

v.                                      CASE NO. 3:25-cv-1078-WWB-SJH

UNITED STATES POSTAL SERVICE,

          Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Motion to Stay the Filing of a Case Management Report and to Stay Discovery ("Motion to Stay"), Doc. 22, and Plaintiff's response thereto, Doc. 23. For the reasons herein, the Court will grant the Motion.

Plaintiff filed a Complaint, Doc. 1, "seeking judicial enforcement of a decision of the United States Equal Employment Opportunity Commission," *id.* at 1. Defendant filed a motion to dismiss ("Motion to Dismiss") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Rule(s)"), Doc. 21, which Plaintiff opposes, Doc. 24.

In the Motion to Stay, Defendant seeks to stay the filing of a case management report and discovery pending a ruling on the Motion to Dismiss. Doc. 22. Defendant argues, among other things, that the Motion to Dismiss presents multiple grounds for dismissal, that no discovery will be necessary if the Motion to Dismiss is granted, that

the parties are unable to determine the scope of discovery while the Motion to Dismiss is pending, and that Plaintiff will not be prejudiced by a temporary stay. *Id.* In response, Plaintiff argues, among other things, that Defendant misconstrues the nature of this action, that "this matter has been delayed long enough and any necessary discovery in a case of this nature would be extremely limited" if discovery is even needed at all; that "the court could properly dispense with the filing" of a case management report, but even if needed, preparation of any case management report would involve minimal work; and that the Motion to Dismiss lacks merit. Doc. 23.

The Court has "broad discretion in managing pretrial discovery matters." *Rivas v. The Bank of New York Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017)[1] (quoting *Perez v. Miami-Dade Cnty.*, 297 F.3d 1255, 1263 (11th Cir. 2002)). Given that broad discretion, the Eleventh Circuit has "emphasize[d] the responsibility of trial courts to manage pretrial discovery properly in order to avoid a massive waste of judicial and private resources and a loss of society's confidence in the courts' ability to administer justice." *Id.* (quoting *Perez*, 297 F.3d at 1263). And ordering "a discovery stay until an impending motion to dismiss is resolved is a proper exercise of that responsibility." *Id.*; *see also Isaiah v. JPMorgan Chase Bank*, 960 F.3d 1296, 1308–09 (11th Cir. 2020) (holding the district court "did not abuse its discretion in staying discovery pending resolution of [a] 12(b)(6) motion to dismiss challenging the legal sufficiency of [the

---

[1] Unpublished opinions are not binding precedent; however, they may be cited when persuasive on a particular point. *See United States v. Futrell*, 209 F.3d 1286, 1289–90 (11th Cir. 2000); 11th Cir. R. 36-2.

plaintiff's] claims" because district courts should resolve "[f]acial challenges to the legal sufficiency of a claim or defense … before discovery begins" and "the failure to consider and rule on these potentially dispositive pretrial motions can be an abuse of discretion" (quoting *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997)); *Est. of Parreno by & through Garcia-Bengochea v. Airbnb, Inc.*, No. 3:24-cv-229-HES-PDB, 2024 WL 3826792, at *1 (M.D. Fla. Aug. 15, 2024) ("[A] circumstance warranting a stay of discovery is the pendency of a motion to dismiss raising a facial challenge to the legal sufficiency of a claim."); *cf. Hikma Pharms. USA Inc. v. Amarin Pharma, Inc.*, 146 S. Ct. 1391, 1399 (2026) ("In order to proceed to discovery, a plaintiff must 'state a claim to relief that is plausible on its face.'" (citation omitted)).[2]

---

[2] One aspect of the Motion to Dismiss merits brief further discussion. There is a distinction between motions to dismiss that present facial challenges to the sufficiency of a claim, which ought to be resolved before discovery, and others that may turn on findings of fact and in turn require some limited discovery before a ruling (*e.g.*, a challenge as to personal jurisdiction). *See Chudasama*, 123 F.3d at 1367. It appears from the briefing on the Motion to Dismiss that the parties' dispute is legal and is appropriate for resolution without need for, and prior to, discovery. *See Isaiah*, 960 F.3d at 1308–09; *Rivas*, 676 F. App'x at 932; *Chudasama*, 123 F.3d at 1367. The undersigned notes that Defendant seeks relief under both Rule 12(b)(1) and 12(b)(6). Motions to dismiss under 12(b)(1) can be facial or factual, and a facial challenge would be analyzed like a Rule 12(b)(6) challenge (and like such a challenge would not require discovery). *See Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1230 (11th Cir. 2021); *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). To be sure, the Motion to Dismiss relies on two attached exhibits. Doc. 21 at 2. But it does so under the theory that such exhibits are subject to the incorporation-by-reference doctrine—and thus suitable for consideration even under the Rule 12(b)(6) standard. *See id.*; *see also Swinford v. Santos*, 121 F.4th 179, 187 (11th Cir. 2024). The undersigned need not determine whether Defendant is correct; the point is that Defendant appears to confine argument to, and seek review under, the Rule 12(b)(6) standard, thus presenting the sort of facial challenge that is suitable for resolution before and without need for discovery. *Cf. Airbnb*, 2024 WL 3826792, at *3. In addition, *even if* the Motion to Dismiss presented any non-facial challenges as to which discovery *might* otherwise be available, Plaintiff did not request any before responding to the Motion to Dismiss. Doc. 24. Rather, the Motion to

The Court's broad discretion to manage its docket similarly allows for a stay of the filing of a case management report pending resolution of a dispositive motion. *See Gibbs v. United States*, 517 F. App'x 664, 670 (11th Cir. 2013); *Green v. United States Dep't of Just. Opr*, No. 5:23-cv-62-MMH-PRL, 2023 WL 4743610, at *1 (M.D. Fla. July 25, 2023); *David v. United States*, No. 8:19-cv-2591-T-36JSS, 2020 WL 1862606, at *2 (M.D. Fla. Apr. 14, 2020).

This case is particularly suited for a brief stay.[3] For example, it is in its infancy, with no case management and scheduling order yet issued. *See Rokit World, Inc. v.*

---

Dismiss is now fully briefed without any stated need for discovery, and with Plaintiff insisting the two exhibits relied upon by Defendant are irrelevant (and with Plaintiff further insisting she might not need discovery at all in this case). *See* Doc. 24; Doc. 23 at 2–3; *Airbnb*, 2024 WL 3826792, at *2 ("[Plaintiff] responds to the arguments [for dismissal] without contending discovery is necessary for a complete response to the motion to dismiss."); *see also Rokit World, Inc. v. Williams Grand Prix Eng'g Ltd.*, No. 3:24-cv-878-MMH-LLL, 2025 WL 1222467, at *2 (M.D. Fla. Apr. 28, 2025) (staying discovery where motion to dismiss raised various issues, including personal jurisdiction and lack of subject matter jurisdiction, and explaining that a district court may dismiss "an action before discovery if the plaintiff merely alludes to jurisdictional discovery in the response to the motion to dismiss but fails to specify the discovery the plaintiff needs to try to defeat the motion.").

[3] In evaluating whether to stay discovery pending a motion to dismiss, courts sometimes "take a 'preliminary peek' at the motion to dismiss to assess its merits or lack thereof." *See Airbnb*, 2024 WL 3826792, at *2. But precedent does not *require* substantive evaluation of the underlying merits. *See id.* at *1–3. This Order does not purport to address the underlying merits of the Motion to Dismiss, and it suffices to recognize for present purposes that the arguments therein, whether ultimately meritorious or not, do not appear to be frivolous. *See id.* at *2 ("While the undersigned does not attempt to address the merits of [the] many independent arguments for dismissal, the undersigned can say that none appear frivolous or made to delay."); *Weems v. Ass'n of Related Churches*, No. 3:23-cv-811-MMH-LLL, 2023 WL 7299829, at *1 (M.D. Fla. Nov. 6, 2023) ("Defendants have raised a non-frivolous challenge to this Court's subject matter jurisdiction. As such, and having weighed the competing interests, the Court finds that a stay of discovery pending resolution of the Motion to Dismiss is warranted under the particular circumstances of this case."); *Morris v. Lincare Inc.*, No. 8:22-cv-2048-CEH-AAS, 2023 WL 3092625, at *1 (M.D. Fla. Apr. 26, 2023) ("The defendants' motion to dismiss presents a nonfrivolous challenge to the plaintiff's claims, the resolution of which may also affect the court's jurisdiction over this matter.").

4

*Williams Grand Prix Eng'g Ltd.*, No. 3:24-cv-878-MMH-LLL, 2025 WL 1222467, at *2 (M.D. Fla. Apr. 28, 2025); *Airbnb*, 2024 WL 3826792, at *2. Indeed, the parties apparently disagree on the nature and scope of this case, and Plaintiff, while opposing the Motion to Stay, concedes that depending on the Court's view, it may be that no case management report or discovery will be appropriate (even if the Motion to Dismiss is denied, and of course if it is granted). *See* Doc. 23 at 1–3. And a temporary stay will cause Plaintiff little prejudice. *See Morris v. Lincare Inc.*, No. 8:22-cv-2048-CEH-AAS, 2023 WL 3092625, at *1 (M.D. Fla. Apr. 26, 2023) ("Although such a stay will delay the plaintiff's efforts to obtain discovery, the resulting harm is minimal when compared to the benefits of saved time, money, and resources in the event the court determines [a motion to dismiss has merit].").[4] Indeed, Plaintiff is not even sure if a case management report or discovery is appropriate and expects to take little, if any, discovery. *See* Doc. 23 at 1–3. For the reasons herein, a temporary stay is appropriate under the circumstances presented here.

Accordingly, the Motion to Stay, Doc. 22, is **granted.** Absent further order of the Court, discovery and the requirement to file a case management report are **stayed** until a ruling on the pending Motion to Dismiss, Doc. 21, and the parties shall file a

---

[4] Plaintiff argues in passing "that this matter has been delayed long enough[.]" Doc. 23 at 1. But, if anything, a plaintiff's delay in bringing suit favors a stay. *See, e.g., In re: Pre-Filled Propane Tank Antitrust Litig.*, No. 14-02567-MD-W-GAF, 2015 WL 11022887, at *2 (W.D. Mo. Feb. 24, 2015); c*f. JLC-Tech, LLC v. Luminos Glob., Inc.*, No. 25-cv-15-RSH-JLB, 2026 WL 874403, at *6 (S.D. Cal. Mar. 27, 2026).

case management report in accordance with Local Rule 3.02 within 14 days of the entry of an order ruling on the Motion to Dismiss.

**DONE AND ORDERED** in Jacksonville, Florida, on July 13, 2026.

Samuel J. Horovitz
United States Magistrate Judge

Copies to:

Counsel of Record